IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 5:21-cr-5 |
| WILLIAM AKEEM MEDLOCK, | |
| Defendant. | |

## ORDER AND REPORT AND RECOMMENDATION

This matter comes before the Court on Defendant William Akeem Medlock's Ex Parte Motion for Independent Mental Evaluation and Advance Authorization of Funds for Expert Services, pursuant to 18 U.S.C. §4241(b). Doc. 36. Based on the entire record in this case, including two reports, one prepared by Dr. Greg Cox (the "Cox Report"), and one prepared and submitted by Dr. Haley Wentowski, Psy.D., Forensic Psychologist, (the "BOP Report"), doc. 71, I find Mr. Medlock is currently capable of understanding the charges against him and meaningfully consulting with his Standby Counsel about his defense. Therefore, I **RECOMMEND** the Court find Defendant William Akeem Medlock competent to stand trial and proceed with this case.

### BACKGROUND

The United States charges Mr. Medlock by way of Indictment with Count One: Failure to Register, 18 U.S.C. § 2250. Mr. Medlock appeared for his initial appearance and arraignment on an underlying Complaint, Case 2:21-mj-13, in the Middle District of Florida. Mr. Medlock was ordered detained and transferred to the Southern District of Georgia. Doc. 3 of Case 2:21-mj-13.

Defendant was later indicted in this matter on May 6, 2021. Doc. 1.  Defendant appeared for his Initial Appearance and Arraignment on this case on May 27, 2021.  Defendant's counsel filed an Ex Parte Motion for Independent Mental Evaluation and Advance Authorization of Funds for Expert Services on June 14, 2021.  Doc. 36.  The Court granted Defense Counsel's Motion on June 23, 2021.  Doc. 39.  A mental evaluation was conducted by Dr. Greg Cox, a licensed Psychologist.  Dr. Cox opined in his report that Defendant was not competent to stand trial due to his likely reaction to the stress inherent in a trial.  Although Dr. Cox examined Defendant, his examination was limited by the collateral sources in which to review, the observational time in which to conduct the examination, and the Defendant's refusal to perform certain testing.  Doc. 84.

The parties filed a Joint Motion for Competency Evaluation pursuant to 18 U.S.C. §§ 4241 and 4247, on August 18, 2021.  Doc. 50.  The Court granted the parties' request and issued an Order for Psychiatric or Psychological Examination on August 23, 2021.  Doc. 52.  The Court Ordered that Defendant be transferred to the Bureau of Prisons for evaluation.  On November 10, 2021, the Court received the Psychiatric Report from the Federal Bureau of Prison, Federal Medical Center (the "BOP Report").  Doc. 71.  Defendant was evaluated by Dr. Haley Wentowski, Psy.D., Forensic Psychologist with the Federal Bureau of Prisons Federal Medical Center in Lexington, Kentucky from September 15, 2021 to October 15, 2021.  Dr. Wentowski provided a report of her evaluation to the Court.  Doc. 71.  In her report, Dr. Wentowski explained that, in her opinion, Mr. Medlock does have a personality disorder but is not suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his

defense. Dr. Wentowski went on to say that although she found that Mr. Medlock's personality disorder diagnosis may make it difficult for officers of the Court to interact with him, he was still able to meaningfully participate in discussions about his case and court concept during the evaluation process, demonstrating his competency. The Court conducted a Competency Hearing on December 1, 2021. Dr. Greg Cox was called as a witness to testify on behalf of the Defense as to the findings set out in his report. Dr. Haley Wentowski was also called to testify by video as to the findings set out in her report.

## DISCUSSION

"[C]ompetence is the base upon which other constitutional rights balance[.]" United States v. Wingo, 789 F.3d 1226, 1228 (11th Cir. 2015); see also Cooper v. Oklahoma, 517 U.S. 348, 354(1996) (The United States Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [the defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). A defendant is not entitled to a presumption of incompetency, and he assumes the burden of proof to establish his incompetency by a preponderance of the evidence. Cooper, 517 U.S. at 355; Battle v. United States, 419 F.3d 1292, 1298 (11th Cir. 2005). The legal test for competency is "whether the defendant 'has sufficient present ability to consult with his lawyer with a

reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960)); see also United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986).

"[N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995).  Thus, "the mere presence of a mental disease or defect is not sufficient to render a defendant incompetent . . . ." United States v. Rothman, No. 08-20895-CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing United States v. Liberatore, 856 F. Supp. 358, 360 (N.D. Ohio 1994)).  "Incompetency to stand trial is not defined in terms of mental illness.  As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill." United States v. Williams, No. 5:06-cr-36, 2007 WL 1655371, at *5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted).

After an extensive evaluation, Dr. Haley Wentowski formed the opinion that Mr. Medlock is currently competent to stand trial in this case.  Dr. Wentowski reached this conclusion after observing and speaking with Mr. Medlock, reviewing his medical records and criminal history, and conducting various tests.  Although the mental evaluation conducted by Dr. Cox, doc. 84, and extensive evaluation of Dr. Haley Wentowski, doc. 71, differ, and while the undersigned had reasonable cause to believe Mr. Medlock may have suffered from a mental disease or defect at the time I ordered Mr. Medlock's competency evaluation, Dr. Wentowski's thorough evaluation and the lack of any contradictory evidence have removed any concerns or

doubt about Mr. Medlock's competency.  The undersigned agrees with Dr. Wentowski's conclusion that Mr. Medlock understands the nature and consequences of the charges against him, can properly assist in his defense, and, therefore, is competent to stand trial.  I, therefore, **RECOMMEND** the Court find that Mr. Medlock is competent to stand trial and proceed.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court find Mr. Medlock competent to stand trial and proceed with this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA